UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC, and
AMERICAN ACADEMY HOLDINGS,
LLC,

        Plaintiff,

v.                                 Case No:  2:13-cv-695-FtM-38CM

MUST HAVE INFO INC.,
SAMANTHA SALDUKAS, and
LACY GASKINS,

        Defendants.

_____

AGREEMENT AND PROTECTIVE ORDER
CONCERNING CONFIDENTIAL AND/OR PROPRIETARY INFORMATION

      Plaintiffs, Eli Research, LLC and American Academy Holdings, LLC; and

Defendants, Must Have Info Inc., Samantha Saldukas, and Lucy Gaskins, hereby:

      **AGREE AND STIPULATE** to the following protective order:

      1.   <u>Concerns of Confidentiality</u>.   Documents containing a Party's

proprietary information, confidential information and/or trade secrets may be or may

have been produced or disclosed during the course of discovery in this litigation.

Each Party asserts that public disclosure of such information would be injurious to

that Party.   Accordingly, in order to protect the respective legitimate concerns of the

Parties, and to facilitate the progress of discovery in this case, the Parties agree, and

the Court finds, that this Protective Order should be issued.

2.   <u>Protection of Documents and Designation of Confidentiality</u>. Documents and other information, including testimony, that have been or will be produced by a Party in this litigation that contain information considered by the Producing Party to constitute trade secrets or other proprietary and/or confidential information of the Producing Party are hereinafter referred to as "Protected Documents."   Except as otherwise indicated below, all documents designated by the Producing Party as "Confidential" that are produced or delivered by the Producing Party to the Receiving Party or to their attorneys in this action shall be Protected Documents and shall be given confidential treatment pursuant to the terms of this Protective Order until and unless the Parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

a.   Any documents that have been or may be designated as "Confidential" shall be so designated by stamping the documents with the label "Confidential" prior to their production or by otherwise identifying the documents as "Confidential" (this includes but is not limited to the Producing Party's identification of written discovery responses as "Confidential").

b.   The term "document" as used throughout this Order shall be given its broadest possible meaning under the Federal Rules of Civil Procedure and includes electronically stored data and any deposition transcript.

c.   Protected Documents shall not include:

i.   publicly available advertising materials;

ii.   materials that on their face show that they have been submitted to any public or governmental entity without a request for confidential treatment;

iii.   articles appearing in any publicly available publication; or

- 2 -

iv.  information already available to the public.

3.   <u>Challenge to Designation</u>.   At any time after the delivery of documents designated "Confidential" but before the designation of trial exhibits, counsel for the Receiving Party may challenge the confidential designation of any document or transcript (or portion thereof) by providing written notice thereof to counsel for Producing Party.   Said notice shall clearly identify the document or portions thereof that the Receiving Party claims should not be afforded "Confidential" treatment and the reasons supporting the Receiving Party's claims.

a.     Upon receiving written notice from the Receiving Party of a challenge to any "Confidential" designation, the Parties shall promptly confer regarding such challenge. If the Parties are unable to agree as to whether the confidential designation of a document or other material is appropriate, the Receiving Party may move for an order rescinding the designation as "Confidential" from a document or other material as to which designations are in dispute.   The Producing Party shall have the burden of establishing that any such document or other material in dispute is entitled to protection from unrestricted disclosure.

b.     If the Receiving Party does seek to rescind the designation of any such disputed document(s) or other material(s) by filing an appropriate motion with the Court, then the document or other such material at issue will continue to be treated by all Parties in accordance with the designation made by the Producing Party until such time as the Court has ruled on the Receiving Party's motion and the exhaustion of any further relief, such as mandamus review of the Court's ruling.

4.   <u>Permissible Disclosures</u>.   Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. Protected Documents or the contents thereof so disclosed shall be used solely for the prosecution and defense of this litigation.   Prohibited uses of Protected Documents

and their contents include, but are not limited to, the furtherance of any business venture of the Receiving Party or its affiliates, representatives, agents, officers or directors, to include aiding in soliciting business or customers.

Except with the prior written consent of the Producing Party or upon further order of this Court, Protected Documents designated as "Confidential" may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a.    The Parties' Outside Counsel of record (this excludes any in-house counsel employed by either Party).  As of the date of this Order the Parties have identified the following as their respective Outside Counsel:

James D. Sallah, Esq.
Fla Bar No. 0092584
Joshua A. Katz, Esq.
Fla. Bar No. 0848301
SALLAH ASTARITA & COX, LLC
One Boca Place
2255 Glades Road, Suite No. 300E
Boca Raton, Florida 33431
Tel.: (561) 989-9080
Fax: (561) 989-9020
jds@sallahlaw.com
jak@sallahlaw.com

Aaron Z. Tobin, Texas Bar # 24028045
ANDERSON TOBIN, PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
atobin@andersontobin.com
*Counsel for Plaintiffs*

Elinor E. Baxter, Esq.
Florida Bar No.: 981710
BRENNAN, MANNA & DIAMOND, P.L.
3301 Bonita Beach Road, Suite 100

Bonita Springs, Florida 34134
Tel: (239) 992-6578
Fax: (239) 992-9328
ebaxter@bmdpl.com
*Counsel for Defendants*

If any Party engages additional counsel and desires them to be added as Outside Counsel, the Party anticipating the addition will provide written notice of the addition of the newly engaged counsel to the other Parties.  Thereafter, and for a period of five (5) days, newly engaged counsel will not be provided access to any Producing Parties' Confidential information.  If, before the end of the five-day period, any Producing Party objects in writing specifying the basis for its objections to the proposed disclosure to the newly engaged counsel, disclosure of that Producing Party's Confidential information shall not be made until and unless the Court enters an order allowing disclosure to the newly engaged counsel.

b.      Employees of such Outside Counsel and support personnel assigned to and necessary to assist such counsel in the preparation and trial of this action;

c.      Independent experts and consultants retained by the Parties or their Outside Counsel for the purpose of either (i) preparing testimony for a deposition, hearing or trial in this action, or (ii) advising and assisting outside Counsel in the preparation of trial of this specific action, provided that in either case the procedures in Paragraph 2 have been satisfied before any disclosure is made, so long as prior to the disclosure of any Protected Documents the expert or consultant executes and delivers to all counsel of record the Acknowledgement of Protective Order attached hereto as Exhibit A;

d.      The Court (including the Court's administrative and clerical staff) and any special master or technical advisor appointed by the Court, if the Court makes any such appointment, provided that any Party seeking to file Protected Documents with the Court shall have first obtained an order granting leave to file the Protected Documents under seal on a showing of particularized need;

e.      Court reporters and/or videographers used during depositions, and commercial photocopying and/or litigation support firms used in conjunction with this litigations;

f.    Witnesses or potential witnesses identified in the Parties Rule 26 Disclosures, or any amendment thereto. If either party has an objection to the disclosure to a witness or potential witness listed on the Parties Rule 26 Disclosures, other than during a deposition, Court hearing or at trial, the Party shall notify the other Party of its objection and the documents shall not be disclosed except upon Order of the Court; and,

g.    The Parties.

No disclosure of Confidential Information shall be made except in relation to the prosecution or defense of the present litigation.   Any person or entity to whom Confidential Information has been disclosed shall use reasonable care and efforts to safeguard the same.   Third parties to whom Confidential Information has been disclosed shall not disclose that Confidential Information to any person or entity, nor use such confidential information for any purpose whatsoever other than to fulfill their role in this litigation.

Prior to any Party or their counsel of record disclosing Confidential Information to persons described in subparagraphs 4(c)-(f) above, the Parties or their counsel of record shall deliver a copy of this Protective Order to such person(s) and shall obtain written agreement that those persons will be bound by all of the terms of the Order upon threat or penalty of contempt.   Any recipients of confidential information shall return the originals and all copies of all Confidential Information to Eli Research, LLC, or its counsel of record when the recipient's reasonable use in connection with this litigation is complete.

5.    <u>Other Disclosures</u>.   Execution of this Agreement does not prejudice any party's right to motion the Court to grant permission for an individual(s) other than those individuals enumerated in subsections (a)-(g) above, to review information

marked "Confidential."   At any time after the delivery of documents designated "Confidential," but before the designation of trial exhibits, counsel for the Receiving Party may seek to have additional individuals review materials designated as "Confidential" by providing written notice thereof to counsel for Producing Party. Said notice shall clearly identify: (1) the additional individuals that the Receiving Party wishes to review the "Confidential" materials, (2) the "Confidential" materials that the Receiving Party wishes to have additional individuals review, and (3) the reason that it is necessary for the additional individual to review the "Confidential" information/documents.

>  a.  Upon receiving such written notice from the Receiving Party, the Parties shall promptly confer regarding such challenge. If the Parties are unable to reach an agreement within ten days of being noticed, the Receiving Party may move the Court for an order that grants permission for additional individuals to review certain "Confidential" materials.

>  b.  If the Receiving Party does receive either an agreement or court ordered permission for additional individuals to review the "Confidential" materials, then before disclosure, the additional individual(s) shall sign and deliver to the Producing Party the Acknowledgement of Protective Order form attached hereto as Exhibit A.

6.  <u>Summaries and Copies</u>.   The term "Protected Document" includes any copy thereof. "Copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing. Before making copies for production, Protected Documents shall be marked "Confidential" by the Producing Party.   Each and every page of each individual document that is to be a Protected Document must bear the notation "Confidential."   Any summaries of labeled

Protected Documents shall be marked with the designation: "Summary from Confidential Information, as the case may be, and shall be accorded the same status of confidentiality as the underlying confidential documents from which the summaries are made, and shall be subject to all of the terms of this Protective Order. If the information contained in a Protected Document or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to that database.

7.  <u>Use of Protected Documents in Depositions or Trial</u>.

a.  Any document, regardless of its designation, may be shown to a witness during that witness' deposition if it appears from the face of the document that it is one that was generated by or addressed to that witness.

b.  No document that has been marked as "Confidential" may be shown to any third-party witness during that witness' deposition without that witness first signing an "Acknowledgment of Protective Order" in the form of Exhibit A attached hereto.

c.  Before the trial of this matter, the Parties will consult with the Court and devise a means for using Protected Documents at trial in such a way that does not unduly hinder the Parties' presentation of evidence, yet also protects the Parties' interests in maintaining confidentiality of their sensitive information.

8.  <u>Depositions</u>.  To the extent that Protected Documents or information contained therein are used in the taking of depositions and/or used as exhibits to any deposition or at any evidentiary hearing or trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or hearing or trial testimony dealing with the Protected

Documents or information.   The deposition shall be marked as containing Confidential Information and/or Documents subject to this Order.

    a.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Documents designated under this Order shall remain "Confidential" and shall not be disclosed by them and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.   Any such person will execute the form attached as Exhibit A and shall agree to be bound by the terms of this Order, except pursuant to the terms of this Order or as otherwise agreed upon by the Parties.

    b.    Within thirty (30) days after receiving a deposition transcript, the deponent or any Party may designate any or all portions of any deposition transcript as "Confidential" by written notice to the opposing Parties that identifies the pages or lines that are to be afforded "Confidential" treatment.   Until the expiration of thirty (30) days, the entire deposition will be treated as a Protected Documents, marked Confidential.   Alternatively, a Party may designate all or any part of the deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. Counsel should identify, on the record, when the protected designation begins and ends.   If no timely designation is made, then none of the transcript or its exhibits will be treated as confidential, absent good cause by the designating Party; if a timely designation is made, the confidential portions and exhibits shall be kept under seal, separate from the portions and exhibits not so marked.

    9.   <u>Client Consultation</u>.   Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on an examination of designated Protected Documents.

    10.   <u>Inadvertent Disclosures</u>.   Inadvertent or unintentional production of documents or information which should have been designated "Confidential" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.

11.   <u>Inadvertent Disclosure of Work Product or Privileged Information</u>. Inadvertent production of documents or things that are subject to work product immunity, the attorney-client privilege, or other privilege shall not constitute a waiver of the immunity or privilege, and a Receiving Party who becomes aware that such documents or things produced to it by the Producing Party appear to have been produced inadvertently shall promptly contact the Producing Party to inform it of that fact. In addition, a Producing Party shall notify the Receiving Party in writing of (a) the inadvertent production or (b) its use in pleadings, or deposition testimony by the Receiving Party. Such inadvertently produced documents and things shall be returned to the Producing Party upon request, provided that the Producing Party establishes in writing to the Receiving Party the circumstances surrounding the documents' or things' inadvertent production. If, after conferring, the Parties are unable to reach a satisfactory agreement, the Producing Party may petition the Court regarding the matter.   The Receiving Party shall not disclose the document or thing for which the belated claim of immunity or privilege is being made to any person, other than the Court and those persons who have had it in their possession prior to receipt of notification from the Producing Party, until ten (10) business days after receipt of the notification or if a petition to this Court is submitted, until disposition of that petition.

12.   <u>Use</u>.   The Receiving Party, their attorneys, and anyone else to whom disclosure of Protected Documents is permitted according to the terms of this Protective Order shall not under any circumstances sell, offer for sale, advertise,

disclose to anyone who has not signed Exhibit A or publicize the contents of Protected Documents.   Nor shall the Receiving Party, their attorneys, and anyone else to whom disclosure of Protected Documents is permitted according to the terms of this Protective Order use the contents of Protected Documents for any business purpose, gain, or advantage, including, but not limited to, the soliciting of any new business and/or customers.

13.   <u>Continuation / Non-termination of Protective Order</u>.   After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record or are otherwise determined by the Court not to be confidential, proprietary, or protectable trade secrets.

14.   <u>Subpoena by Other Court or Agencies</u>.   If another Court or governmental agency subpoenas or orders production of labeled Protected Documents which a Party has obtained under the terms of this Order, such Party shall notify the Producing Party within ten (10) days from such subpoena or order of the pendency of the subpoena or order.   The Producing Party shall be responsible for seeking whatever appropriate protective orders or other relief it desires before such time that the Party receiving the subpoena or other order must comply with such subpoena or other order.

15.   <u>Authenticity and/or Admissibility</u>.   The Parties adopt no position as to the authenticity or admissibility of documents and information produced subject to this Order.   Neither the taking of any action in accordance with the provisions of this

Order, nor the failure to take any such action, shall be construed as a waiver of any claim or defense.

16.    <u>Construction</u>.    The entry of this Protective Order herewith shall not be construed:

      a.    To broaden the permissible scope of discovery in this action;

      b.    As a waiver of any party's right to object to the furnishing of discovery;

      c.    As an admission by either Plaintiff or Defendants that any particular material contains or reflects confidential, proprietary and/or trade secret matter; or

      d.    To prejudice any party's right to apply to the Court for further protective order.

17.    <u>Return and/or Destruction of Documents</u>.    Within 30 days after the final determination of this lawsuit, including any appeal of any judgment herein or settlement, counsel of record for each person or entity receiving Confidential Information (or if there is no counsel of record, then that person or entity) shall immediately return to the producing party or destroy all Confidential Information provided subject to this Protective Order, including all copies thereof.    If the confidential information is destroyed rather than returned, Receiving Counsel shall provide written confirmation provided to the other Party that the information was destroyed.    Exhibit B.

The Receiving Party's counsel may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and "Confidential" information.

18.   Filing.   Confidential information shall not be filed as a matter of course with the Court, but only when necessary for consideration by the Court and deemed by counsel to be necessary for the proper presentation of a pending motion, claim, or defense.   Any documents, exhibits, answers to interrogatories, responses to requests for information, or transcripts of deposition testimony, or otherwise, which comprise or contain information designated as "CONFIDENTIAL," or any pleading or memorandum purporting to reproduce or paraphrase such confidential information, shall be filed in a sealed envelope or other appropriate sealed container, on which shall be endorsed the title of this action, an indication of the nature of its contents, and a statement in the following form:

**CONFIDENTIAL—DO NOT OPEN**

**SEALED BY ORDER OF THE COURT**

Filed pursuant to Protective Order by [name of party].   Not to be opened, nor the contents revealed, except (1) by the Court and then resealed; (2) by written stipulation of Plaintiff and Defendant; or (3) by order of the Court.

19.   Request for Information.   If any individual or entity to whom Confidential Information has been disclosed under the Agreement and Protective Order, shall receive a subpoena, discovery request or other demand for disclosure of Confidential Information, that individual and/or entity shall: 1) give immediate notice to Disclosing Party upon its receipt the subpoena, discovery request, or other paper that requests or demands disclosure of the Confidential Information; 2) oppose any request for disclosure of the Confidential Information precluded by a protective

order; 3) if the attempts to preclude disclosure fail, then to seek a protective order strictly restricting the use of the Confidential Information; and 4) provide the Disclosing Party every reasonable opportunity to contest and assist in opposing any requirement of disclosure, to seek judicial protection against the disclosure, and to strictly limit any required disclosure to dissemination under a protective order.

20.     <u>Binding</u>.   This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.     <u>Modification</u>.   Neither this Order, nor any provision of it, may be changed or amended orally, but only by an agreement in writing signed by all Parties. This Order may be modified or amended either by agreement of the Parties or by order of the Court upon good cause shown. Additional protective orders may also be entered by agreement of the Parties.

22.     <u>No Limitations on Testimony</u>.   Nothing in this Order shall be construed to preclude the holding of any deposition, limit the scope of any deposition questions or testimony.

23.     <u>Duty to Report</u>.   When any attorney of record in this action becomes aware of any violation of this Order or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report, with

appropriate particulars to assist in aiding any investigation, to this Court and to the

Producing Party that there may have been a violation of this Order.

24.  <u>No Waiver</u>.   This Order shall not be deemed a waiver of:

      a.  Any Party's right to object to any discovery requests on any ground;

      b.  Any Party's right to seek an order compelling discovery with respect to any discovery request;

      c.  Any Party's right in proceeding herein to object to the admission of any evidence on any ground;

      d.  Any Party's right to use its own documents and its own "Confidential" material in its sole and complete discretion;

      e.  That status of any material as privileged or as a trade secret; or

      f.  Any Party's right to assert privilege.

**THE PARTIES HEREBY STIPULATE AND AGREE** to the foregoing

Agreement and Protective Order Concerning Confidential and/or Proprietary

Information and agree to the Court entering an order adopting same.

By: */s/ Aaron Z. Tobin*
Aaron Z. Tobin, Texas Bar No. 24028045
ANDERSON TOBIN, PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Tel: (972) 789-1160
Fax: (972) 789-1606
atobin@andersontobin.com
*Counsel for Plaintiff*

By: */s/ Elinor E. Baxter*
Elinor E. Baxter, Florida Bar No.: 981710
BRENNAN, MANNA & DIAMOND, P.L.
3301 Bonita Beach Road, Suite 100
Bonita Springs, Florida 34134

Tel: (239) 992-6578
Fax: (239) 992-9328
ebaxter@bmdpl.com
*Counsel for Defendants*

      **SO ORDERED** this 3rd day of April, 2014.


CAROL MIRANDO
United States Magistrate Judge