UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and
AMERICAN ACADEMY HOLDINGS,
LLC,

      Plaintiffs,

v.                                    Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC.,
SAMANTHA SALDUKAS and
LACY GASKINS,

      Defendants.

## ORDER

Before the Court is Defendants' Motion to Stay Discovery, or in the Alternative for an Extension of Time (Doc. 48, "Motion to Stay") filed on May 2, 2014. Plaintiffs' Response (Doc. 49) was filed on May 16, 2014. Defendants seek leave to stay discovery in this matter until the Court rules on its pending Motion to Dismiss Plaintiffs' Second Amended Complaint. Docs. 37, 43. In the alternative, if the Motion to Stay is denied, Defendants request a 30-day extension of time to respond to Plaintiffs' pending discovery requests and any other discovery served by the Plaintiffs in the interim. For the reasons stated herein, the Motion is granted in part and denied in part.

    I.    Background

Plaintiffs' Second Amended Complaint (Doc. 37) brings counts for civil conspiracy, misappropriation of trade secrets, unfair and deceptive trade practices,

conversion, negligence, gross negligence, breach of contract, and trademark infringement, alleging that Defendants Must Have Info Inc., Samantha Saldukas, and Lucy Gaskins, who are former employees of Plaintiffs, misappropriated and are using Plaintiffs' protected materials and service marks to compete unfairly with Plaintiffs. Defendants have moved to dismiss all counts, asserting failure to state a claim, arguing that Plaintiffs' claims are conclusory and not facially plausible as pled. Doc. 43. This case is set for the August 2015 trial term, with a March 3, 2015 discovery deadline. Doc. 32. On April 1, 2014, Plaintiff Eli Research, LLC served requests for production and interrogatories on Defendant Must Have Info, Inc. Defendant's responses were due to be served by May 5, 2014. Defendant did not respond, instead filing this Motion to Stay.

II.  Analysis

While motions to stay discovery may be granted pursuant to Rule 26(c), the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125,

1131 n.2 (11th Cir. 2002).  However, *Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss.  *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009).  "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'"  *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  *McCabe,* 233 F.R.D. at 685.  To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive."  *Id.* (citation and internal quotation marks omitted).

Defendants argue that good cause exists to grant the stay because they have made a likely meritorious facial challenge to Plaintiffs' Second Amended Complaint; and if discovery goes forward, unnecessary costs will be incurred.  Defendants further argue that they would be prejudiced if discovery is allowed because Plaintiffs have unnecessarily delayed this case by amending their complaint after Defendants had incurred the time and expense of filing motions to dismiss.  The Court notes though that Plaintiffs' most recent request to amend the complaint was unopposed by the Defendants, and Defendants have sought extensions in the past to respond to

the complaints and agreed to Plaintiffs' requests for extensions of time. *See* Docs. 19, 23, 28, 34, 35, 36. Thus, the record does not show that Plaintiffs are unnecessarily delaying this case. Defendants also argue that they will be prejudiced if they have to respond to Plaintiffs' discovery requests because Plaintiffs' claim has no factual support and Plaintiffs are going on a fishing expedition to try to find potential claims.

Plaintiffs respond that a stay of discovery will result in significant prejudice to its case because it would likely not allow the parties time to conduct the necessary discovery before the March 3, 2015 discovery deadline and to adequately prepare this case for mediation, which must occur prior to November 10, 2014, or for trial, which is set for the August 2015 trial term. The Court agrees.

The Court has reviewed the Motion to Dismiss (Doc. 43) and Response (Doc. 49) and finds that it is not so clearly meritorious and truly case dispositive such that the need for discovery in this case will be entirely eliminated. Given this, the Court finds that delaying discovery until the Court rules on the Motion to Dismiss will cause Plaintiffs harm and their case will go forward. The Court will allow Defendants a 30-day extension to respond to the discovery requests served on them on April 1, 2014. Docs. 48-1, 48-2. The Court will not allow an extension for Defendants to respond to any discovery that has been served on them since this Motion to Stay has been filed as requested in the Motion to Stay. Doc. 48 at 6.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Motion to Stay Discovery, or in the Alternative for an Extension of Time (Doc. 48) is **GRANTED in part and DENIED in part**. Defendants' request to stay discovery is **DENIED**; Defendants' request for an extension of time to respond to Plaintiff's First Request for Production of Documents to Defendant Must Have Info., Inc. and Plaintiffs' First Interrogatories to Defendant Must Have Info., Inc., is **GRANTED**. Defendants have up to and including **June 20, 2014** to respond to these discovery requests.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record