UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and
AMERICAN ACADEMY HOLDINGS,

    Plaintiffs,

v.                                                  Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC.,
SAMANTHA SALDUKAS and
LACY GASKINS,

    Defendants.

## ORDER

Before the Court is Defendants' Motion for Sanctions Pursuant to Rule 11, 28 U.S.C. § 1927 and the Court's Inherent Authority (Doc. 51, "Motion for Sanctions") and Plaintiff Eli Research, LLC's ("ELI") Response in Opposition (Doc. 56). ELI also filed an Objection to and Motion to Strike Defendants' Motion for Sanctions (Doc. 55) for failure to comply with the Local Rules, as it was not signed by counsel and was more than 25 pages in length. *See* M.D. Fla. Rule 1.05(d); 3.01(a). Since the filing of the Motion to Strike, in an effort to remedy the deficiencies, Defendants have filed a Motion to File Brief in Excess of Twenty-Five Pages (Doc. 57) and Notice of Filing Inadvertently Omitted Signature Page (Doc. 58). The Court finds that the Motion for Sanctions is premature and therefore is denied without prejudice.

Defendants allege that sanctions are warranted in this matter because Plaintiffs' Second Amended Complaint (Doc. 37) is without legal and factual merit. Specifically, Defendants assert that the Second Amended Complaint does not

sufficiently state a claim for relief that would survive a Rule 126(b)(6) motion to dismiss. Doc. 51 at 18-19. Defendants also assert that sanctions are warranted because the complaint lacks factual merit, is based on speculation and no evidence has been revealed during the course of discovery in this matter that would support Plaintiffs' allegations. *Id.* at 20-22. The Court notes that discovery in this matter does not close until March 3, 2015, and the case is set on the August 2015 trial term. Doc. 32.

Under Rule 11, sanctions are properly assessed when: "(1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith for an improper purpose." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 n.12 (11th Cir. 2010) (citation omitted). In making the determination, the Court must evaluate whether "the party's claims are objectively frivolous" and whether "the person who signed the pleadings should have been aware that they were frivolous." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (citing *McGuire Oil Co. v. Mapco, Inc.,* 958 F.2d 1552, 1563 (11th Cir. 1992)). "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any 'reasonable chance of success' or is a reasonable argument to change existing law." *Thompson*, 610 F.3d at 665. A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." *Id.*

In this case, Defendants have filed a Motion to Dismiss the Second Amended

- 2 -

Complaint (Doc. 43), which asserts as a basis for dismissal of the complaint some of the same arguments made in the Motion for Sanctions. Any ruling on the sanctions issue would be premature because in doing so the Court would need to make findings regarding the sufficiency of the claims raised. Further, the Court's ruling on the Motion to Dismiss could affect some of the issues raised by Defendants that they believe warrant sanctions, including whether Plaintiffs' Second Amended Complaint satisfies the standard for pleadings as set forth in *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 555 (2007). Moreover, one of the grounds alleged for sanctions is the lack of discovery produced thus far in support of Plaintiffs' claims. The Court notes that there is eight months of discovery remaining in this case. The parties should conduct discovery relevant to the case before the Court is asked to prematurely address the merits of Plaintiffs' case and whether sanctions are appropriate. *See Thomas v. Evans*, 880 F.2d 1235, 1243 n.11 (11th Cir. 1989) ("Rule 11 sanctions based on the factual adequacy of a complaint are best considered at the end of the litigation, after the parties have moved for summary judgment and have been given notice and an opportunity to identify any genuine issues of material fact.") (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)). Therefore, the Court will deny the Motion for Sanctions without prejudice, as it is premature.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion for Sanctions Pursuant to Rule 11, 28 U.S.C. § 1927 and the Court's Inherent Authority (Doc. 51) is **DENIED without prejudice**.

2. Plaintiff's Motion to Strike Defendants' Motion for Sanctions (Doc. 55) is **DENIED as moot**.

3. Defendants' Motion to File Brief in Excess of Twenty-Five Pages (Doc. 57) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of September, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record