UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and AMERICAN ACADEMY HOLDINGS,

Plaintiffs,

v. Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC., SAMANTHA SALDUKAS and LACY GASKINS,

Defendants.
_________________________________/

**ORDER[1]**

This matter comes before the Court on Defendants' Motion for Partial Reconsideration of Defendants' Motion to Dismiss as to Counts 4 and 7 and Motion to Strike Punitive Damages (Doc. #62) filed on September 18, 2014. Plaintiffs filed a Response in Opposition on October 2, 2014. (Doc. #64). Thus, the Motion is ripe for review.

**Background**

The background of this case has been recited at length in an earlier opinion (Doc. #61) and need not be repeated in detail here. In brief, on February 28, 2014, Plaintiffs filed an eight-count Second Amended Complaint against Defendants, which included counts for civil conspiracy (Count 1), misappropriation of trade secrets (Count 2), unfair

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

and deceptive trade practices (Count 3), conversion (Count 4), negligence (Count 5), gross negligence (Count 6), breach of contract (Count 7), and trademark infringement (Count 8). (Doc. #37). Thereafter, on March 21, 2014, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. #43). The Court ruled on Defendants' Motion to Dismiss on September 11, 2014, granting it in part and denying it in part. (Doc. #61). Defendants now bring the instant Motion seeking for the Court to reconsider its September 11, 2014, Order in part. (Doc. #62).

**Discussion**

1. *Reconsideration of Counts 4 and 7*

Defendants begin their Motion by "request[ing] that this Court partially reconsider Defendants' Motion to Dismiss [Plaintiffs'] Second Amended Complaint as to Counts 4 and 7 as the Defendant [sic] moved to dismiss the Counts, but the Court failed to enter a ruling on those Counts in its Order." (Doc. #62 at 1). From Defendants' perspective, Defendants' Motion to Dismiss sought to "dismiss all counts in [Plaintiffs'] Second Amended Complaint for failure to comply with the *Twombly/Iqbal* standards." (Doc. #62 at 2) (emphasis in original). Defendant avers, however, that "[w]hile addressing Counts 1, 2, 3, 5, 6, and 8, the Court failed to address the Defendants' Motion as to Counts 4 and 7." (Doc. #62 at 2). As such, Defendants now ask the Court to evaluate the factual sufficiency of Counts 4 and 7 under the *Iqbal/Twombly* pleading standards. (Doc. #62 at 2).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Restaurant Management*, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing *American Ass'n of People with*

*Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302 at *1 (citing *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority*, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. *Carter*, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. School Bd. Of Hillsboro County, Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302 at *1.

Here, the Court finds that reconsideration of its "failure" to address Counts 4 or 7 in its September 11, 2014, Order is not warranted. A review of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint indicates that there was no analysis

provided regarding why Counts 4 or 7 should be dismissed. In fact, the only time Defendants addressed Counts 4 or 7 in their Motion to Dismiss was in a blanket dismissal paragraph, which reads, in full:

> All counts of the Second Amended Complaint should be dismissed for failing to meet the Twombley [sic]/Iqbal "plausibility" standard of pleading. The Second Amended Complaint is riddled with bare assertions and speculations, without any facts to support such claims. Although the federal practice only requires a "short and plain statement" of the facts, [Plaintiffs] Eli and AAH fail to satisfy even this minimal requirement. The Court should not indulge such improper efforts since the pleading standard after Twombley [sic] and Iqbal "raises a hurdle in front of what courts had previously seen as a plaintiff's nigh immediate access to discovery—modest in its demands but wide in its scope." United States ex rel. James H. Grubbs, M.D. v. Kanneganti, 565 F.3d 180, 185 (5th Cir. 2009) (internal footnotes and citations omitted). Based on the lack of factual allegations therein, the Second Amended Complaint "stops short of the line between possibility and plausibility," and all counts should be summarily dismissed. Twombley [sic], 550 U.S. at 546.

(Doc. #43 at 8). Beyond this blanket dismissal paragraph, Defendants failed to provide the Court with any analysis regarding Counts 4 or 7 individually. In contrast, Defendants did provide an individual analysis for Counts 1, 2, 3, 5, 6, and 8, which comprise the Counts that the Court addressed in its September 11, 2014, Order. (Doc. #43 at 12-21).

While Defendants might view the Court's decision not to address every Count in Plaintiff's Second Amended Complaint based on a blanket dismissal paragraph as clear error, the Court disagrees. If the Court were to accept a simple blanket dismissal paragraph as a credible basis for all motions to dismiss coming before it, the Court would be left conducting the analysis for each motion without the benefit of any argument from counsel. But this is not the Court's role in our adversarial system. *See, e.g.*, *Grimaldo v. Reno*, 189 F.R.D. 617, 619 (D. Colo. 1999) ("In our adversarial system, I am under no obligation to conduct research to provide the proper support for arguments presented by

any party other than *pro se* ones. . . . "); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In addition, it appears that Defendants themselves do not truly believe that their blanket dismissal paragraph was sufficient to dismiss Counts 4 or 7. Specifically, nearly four out of the eight pages that comprise Defendants' Motion for Reconsideration provide a detailed analysis of Counts 4 and 7 – specifically arguing why those Counts fail to meet the pleading standard set out in *Iqbal/Twombly* – that did not accompany their Motion to Dismiss. (Doc. #62 at 2-5). But this new analysis does not exhibit (1) an intervening change in the controlling law or (2) the availability of new evidence, and therefore fails to assist Defendants in meeting their burden of establishing "the extraordinary circumstances supporting reconsideration." *Mannings*, 149 F.R.D. at 235 (M.D. Fla. 1993). As such, Defendants' Motion for Reconsideration with regard to Counts 4 and 7 must be denied.

However, the Court will grant Defendants leave to file a supplemental motion to dismiss, which should solely address Counts 4 and 7 of Plaintiffs' Second Amended Complaint, within seven days of this Order. Should Defendants choose to file a supplemental motion to dismiss as to Counts 4 and 7, Plaintiffs will have one week from the date the supplemental motion is filed to respond.

*2. Reconsideration of Defendants' Motion to Strike Punitive Damages*

Defendants' second argument in their Motion relates to Plaintiffs' request for punitive damages. As Defendants correctly note, in their Motion to Dismiss, Defendants "requested that the Court strike [] Plaintiff's [sic] claims for punitive damages" due to the fact that the demand "fails to specify on what counts it is even seeking punitive damages."

(Doc. #62 at 5). Although Defendants relied on Florida law in support of their original Motion to Strike (Doc. #43 at 21-24), Defendants now rely on North Carolina law for the proposition that "punitive damages cannot be pled as a separate count. . . ." (Doc. #62 at 5). Rather, Defendants believe "Plaintiff[s] should be required to demand the punitive damages only under appropriate counts." (Doc. #62 at 5). Defendants also argue that "[s]ince [Plaintiffs] ha[ve] failed to plead any facts with particularity of aggravating circumstances which could give rise to punitive damages, the [C]ourt may dismiss the punitive damage request." (Doc. #62 at 6).

Before even beginning the punitive damages discussion by conducting an additional choice-of-law analysis, the Court believes that it would be best to rule on Defendants' Motion to Strike at a later stage in the litigation. First, as noted above, the Court is granting Defendants leave to file a supplemental motion to dismiss, which may potentially dispose of Counts 4 and 7 and leave a clearer picture of what Counts will be moving forward in this action to accompany the alleged punitive damages. Second, as noted in the Court's September 11, 2014, Order, the Court has not entered a final ruling on the choice-of-law issues. (Doc. #61). Instead, the Court has simply conducted a cursory analysis of the choice-of-law issues solely for the purpose of ruling on Defendants' Motion to Dismiss. But the Parties should be ready to address the choice-of-law issues at a later stage in this litigation – i.e., the summary judgment stage – when discovery provides the Parties with additional information pertinent to the Court's analysis.

Consequently, Defendants' Motion to Reconsider Defendants' Motion to Strike Punitive Damages is denied as premature. With that being said, the Court grants Defendants leave to renew their Motion to Strike after discovery has been completed.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Partial Reconsideration of Defendants' Motion to Dismiss as to Counts 4 and 7 and Motion to Strike Punitive Damages (Doc. #62) is **DENIED**.
2. The Court grants Defendants leave to file a supplemental motion to dismiss, as specified in this Order, on or before **October 14, 2014**. Should Defendants file a supplemental motion to dismiss, Plaintiffs must respond on or before **October 21, 2014**.
3. The Court grants Defendants leave to renew their Motion to Strike Plaintiffs' Punitive Damages after discovery has been completed.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record