UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and
AMERICAN ACADEMY HOLDINGS,

    Plaintiffs,

v.                      Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC.,
SAMANTHA SALDUKAS and
LACY GASKINS,

    Defendants.

## ORDER

Before the Court is Defendants' Renewed Motion to Stay Discovery (Doc. 63, "Motion to Stay"), and Plaintiffs' Response in Opposition (Doc. 68). Also before the Court is Plaintiffs' Motion to Extend Deadline for Disclosure of Expert Reports and Deadline for Mediation (Doc. 66), and Defendants' Response in Opposition (Doc. 70). For the reasons stated herein, the request to stay this case is denied, and the request to extend the expert disclosure deadlines is granted in part.

    I.    Background

Plaintiffs' Second Amended Complaint pled eight counts against Defendants Must Have Info Inc. ("Must Have") and Samantha Saldukas and Lucy Gaskins, who are former employees of Plaintiffs, alleging that they misappropriated and used Plaintiffs' protected materials and service marks to compete unfairly with Plaintiffs. Doc. 37. On September 11, 2014, the District Court granted in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and dismissed counts 1, 2,

3, 5 and 6. Doc. 61. Defendants moved to reconsider the District Court's Order. Doc. 62. In ruling on the reconsideration, the Court granted Defendants leave to file a supplemental motion to dismiss counts 4 and 7. Doc. 65. Defendants filed a supplemental motion to dismiss on October 14, 2014, which currently is pending (Doc. 67, "supplemental motion to dismiss").

Defendants move for a stay of discovery pending a ruling by the District Court on the supplemental motion to dismiss. Doc. 63. This case is set for the August 2015 trial term, with a March 3, 2015 discovery deadline. Doc. 32. Plaintiffs request that the Court extend the expert report deadlines by 120 days because little discovery has occurred in this case to date. Doc. 66.

II. Analysis

   a. Defendants' Motion to Stay

While motions to stay discovery may be granted pursuant to Rule 26(c), the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125,

1131 n.2 (11th Cir. 2002). *Chudasama* does not stand for the proposition, however, that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe,* 233 F.R.D. at 685. To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that good cause exists to grant the stay because they have made a likely meritorious facial challenge to counts 4 and 7; and if discovery goes forward, unnecessary costs will be incurred. Defendants have moved to dismiss counts 4 and 7, asserting failure to state a claim, arguing that Plaintiffs' claims are conclusory and not facially plausible as pled. Doc. 67. Defendants also argue that they will be prejudiced if they have to respond to further discovery requests because counts 4 and 7 have no factual support.

Plaintiffs respond that a stay of discovery will result in significant prejudice to their case because it would likely not allow the parties enough time to conduct the necessary discovery before the March 3, 2015 discovery deadline or for trial, which is set for the August 2015 trial term. Indeed, Plaintiffs state that discovery has already been delayed because Defendants have refused to provide dates for depositions and to produce documents.

The Court has reviewed the supplemental motion to dismiss (Doc. 67) and response (Doc. 69) and finds that it is not so clearly meritorious and truly case dispositive such that the need for discovery in this case will be entirely eliminated. Moreover, regardless of the outcome of the supplemental motion to dismiss, count 8 remains. Given this fact, the Court finds that delaying discovery until the Court rules on the supplemental motion to dismiss will cause Plaintiffs harm, and the request for a stay will be denied.

### b. Plaintiffs' Motion to Extend Expert Deadlines

The deadline for Plaintiffs' disclosure of expert reports was October 15, 2014, and Defendants' disclosure of expert report deadline is November 17, 2014. Doc. 32. On October 8, 2014, Plaintiffs filed a motion to extend these dates, and the mediation deadline,[1] by 120 days. Doc. 66. As grounds, Plaintiffs state that Defendants have refused to provide documents they identified as responsive to Plaintiffs' written discovery and have refused to provide dates for depositions. Plaintiffs also state that Defendants have not yet filed an answer to the second amended complaint, as it has

---

[1] The mediation deadline is November 10, 2014. Doc. 32.

filed motions to dismiss. Plaintiffs argue that without seeing Defendants' answer and defenses to the suit and without taking the depositions of Defendants and reviewing the documents identified as responsive, Plaintiffs are unable to meaningfully engage experts and have them draft reports. Likewise, Plaintiffs assert that without the necessary discovery, mediation would be fruitless and that the mediator is unavailable prior to the mediation deadline.

Defendants respond that Plaintiffs have not diligently pursued discovery, nor attempted to comply with the expert report deadline. Defendants further state that the mediator does have availability before the mediation deadline. The Court notes that Defendants did not respond to Plaintiffs' allegations that Defendants have refused to provide documents they identified as responsive to Plaintiffs' written discovery and have refused to provide dates for depositions.

The parties do not appear to be diligently pursuing discovery in this matter. This may be due to the fact that Defendants believe discovery in this matter should be stayed pending a ruling by the Court on the motions to dismiss. Yet the Court has denied such requests to stay discovery, and the case should be moving forward. Plaintiffs have shown good cause for a short, 45-day extension of the expert disclosure deadlines so that their experts may obtain documents and other discovery prior to drafting their reports. The mediation date also will be extended to allow for it to be scheduled. All other deadlines remain unchanged. *See* Doc. 32.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Renewed Motion to Stay Discovery (Doc. 63) is **DENIED**.

2. Plaintiffs' Motion to Extend Deadline for Disclosure of Expert Reports and Deadline for Mediation (Doc. 66) is **GRANTED in part**. Plaintiffs' expert disclosure deadline is **December 15, 2014**. Defendants' expert disclosure deadline is **January 15, 2015**. The mediation deadline is extended to **December 10, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of November, 2014.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record