UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and
AMERICAN ACADEMY HOLDINGS,

    Plaintiffs,

v.                                  Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC., d/b/a
Coding Leader, a Florida
Corporation, SAMANTHA
SALDUKAS and LACY GASKINS,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Motion to Compel Unredacted Production of Documents (Doc. 112), filed on May 7, 2015. Defendants responded in opposition (Doc. 119), and Plaintiffs subsequently filed a reply (Doc. 124). For the reasons set forth below, Plaintiffs' motion is denied.

Plaintiffs and Defendants are business competitors. Doc. 37 at 2. The parties both are in the business of distributing specialty medical coding newsletters and other publications. *Id.* Plaintiffs allege that "Defendants have used, disseminated, and impaired the privacy and confidentiality of some or all of the ELI/GSC Materials."[1] *Id.* at 8. Plaintiffs now seek damages for civil conspiracy, misappropriation of trade secrets, unfair and deceptive trade practices, conversion,

---

[1] ELI purchased the assets of Global Success Corporation, Inc. ("GSC"). Doc. 37 at 4.

negligence, gross negligence, breach of contract, trademark infringement, injunctive relief and punitive damages.   Doc. 37.

In the present motion, Plaintiffs request that the Court compel Defendants to provide unredacted versions of the customer lists Defendants provided on March 16, 2015.[2]   Doc. 112 at 2.   Defendants responded and asserted that Plaintiffs motion is untimely, as it was filed after the discovery cutoff and Plaintiffs have failed to demonstrate excusable neglect.   Doc. 119 at 7-8.   When provided the opportunity to reply, Plaintiffs responded that their motion was not untimely because it was filed *only* three days after the close of discovery.   Doc. 124 at 2 (emphasis added).

The parties have engaged in extensive discovery in this case and previously have requested and been granted extensions of the deadlines in the Case Management and Scheduling Order (Doc. 32).   *See* Docs. 78, 101.   The Court has been very deliberate to keep this case on track.   Both the undersigned and district judge have held hearings with the parties in an effort to streamline this litigation.   Docs. 100, 108.   When the Court issued the Amended Case Management and Scheduling Order (Doc. 103) on February 25, 2015, after a hearing before the undersigned (Doc. 100), the Court extended the discovery deadline until May 4, 2015, but only for the limited purpose of conducting depositions and for the parties to respond to any pending discovery.   Doc. 103.   The parties were not permitted to serve any new written discovery.   *Id.* at n. 1.   The Court, however, did extend the

---

[2] Defendants contend that the customer lists were provided on March 11, 2015.   Doc. 119 at 4.

remaining deadlines in the Case Management and Scheduling Order, including trial. Doc. 103.

Additionally, during a status conference held on March 30, 2015 before the Honorable Sheri Polster Chappell, Plaintiffs requested another extension of the discovery deadline for the purpose of taking depositions. Doc. 108. The district court denied Plaintiffs' request and instructed the parties to complete their depositions by the deadline outlined in the Amended Case Management and Scheduling Order. *Id.* To date, the discovery deadline of May 4, 2015 has not been extended by the Court.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The Case Management and Scheduling Order controls the course of the proceedings and the parties are required to comply with the Order. Doc. 32 at 2. The Amended Case Management and Scheduling Order set the discovery deadline as May 4, 2015. Doc. 103. Accordingly, all discovery was to be completed by that date. *See* Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I(F)(1). "The Court may deny as untimely all motions to compel filed after the discovery deadline." Doc. 32 at 3. "The Court's deadlines are not suggestions that can be ignored." *Perez v. Garrow*, 2014 WL 4285384 n. 3 (M.D. Fla. 2014).

Plaintiffs moved to compel the unredacted customer lists three days after the discovery cutoff. Doc. 112. It is irrelevant whether the motion is filed three days or three weeks after the deadline. The motion is untimely. At least one court has denied a motion to compel as untimely when it was filed *one* day after the close of discovery. *See Lira v. Arrow Air, Inc.*, 2007 WL 188163 (S.D. Fla. 2007) (emphasis added). If a request is made after the deadline expires, the party must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). *See also Inman v. Richman Property Services*, 2014 WL 4639131 *4 (M.D. Fla. 2014) (stating "because the [m]otion to [c]ompel was filed after the discovery deadline, Plaintiff must also demonstrate excusable neglect under Rule 6(b)(1), Fed. R. Civ. P.").

Here, Plaintiffs received Defendants' discovery responses, including the redacted customer lists, on or about March 16, 2015. Doc. 112 at 2. The Middle District Discovery Handbook provides that, "[u]pon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due." Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § VII(B). Plaintiffs waited until May 7, 2015, nearly two months after receiving the discovery responses and objections, to file this motion to compel with the Court. Doc. 112. As grounds for the delay, Plaintiffs state that they were busy preparing for and attending depositions. Doc. 124 at 2. Clearly, this does not rise to the level of excusable neglect. In fact, Plaintiffs concede that their motion is "not the product of excusable neglect." Doc. 124 at 2. Therefore, the Court is not inclined to reopen

discovery due to Plaintiffs' lack of diligence.  "'To once again mobilize the discovery mechanism in this case, without [excusable neglect] being shown, would render these deadlines, both in this case and in future cases, pointless.'" *Lira,* 2007 WL 188163 *3 (quoting *Agostino Ferrari, S.p.A. v. Antonacci,* 858 F.Supp. 478, 481 (E.D. Pa. 1994)).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion to Compel Unredacted Production of Documents (Doc. 112) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record