UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and
AMERICAN ACADEMY HOLDINGS,

      Plaintiffs,

v.                               Case No:  2:13-cv-695-FtM-38CM

MUST HAVE INFO INC.,
SAMANTHA SALDUKAS and
LACY GASKINS,

      Defendants.

_____

## ORDER

Before the Court is Defendants' Motion for Sanctions (Doc. 130), filed on July 6, 2015.  Defendants seek an award of sanctions for discovery Plaintiffs produced after Defendants filed motions to compel and after the Court ordered that Plaintiff produce certain documents or supplement the information previously provided.   Doc. 130.  Plaintiffs responded in opposition on August 3, 2015.  Doc. 159.  For the reasons stated herein, the Court finds that sanctions are not warranted in this instance.

Defendants filed two motions to compel (Docs. 80, 81) against Plaintiff ELI Research, LLC ("ELI") and two motions to compel (Docs. 82, 83) against Plaintiff American Academy Holdings ("AAH").  The motions to compel requested that the Court order Plaintiffs to provide complete and non-evasive responses to interrogatories and documents responsive to Defendants' requests for production.  Docs. 80, 81, 82, 83.  The Court held a hearing on Defendants motions to compel on

February 19, 2015.   Doc. 94.   The Court had instructed the parties to meet and confer prior to the hearing to resolve or narrow the issues raised in the motions.   Doc. 94 at 1-2.   Prior to the hearing, the parties were able to confer and resolve the majority of the issues to be addressed during the hearing.   Doc. 102 at 1. Accordingly, those issues were denied as moot, and the Court heard argument on the remaining issues.   *Id.*   Following the hearing, the Court issued an Order granting in part and denying in part the motions to compel.   *Id.*

Defendants request that the Court award sanctions pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure.   Doc. 130 at 4.   Rule 37(a)(5)(A) states that if a motion to compel discovery is granted or the discovery is provided after the motion is filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses unless the movant filed the motion before attempting in good faith to obtain the disclosure, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust.   Fed. R. Civ. P. 37(a)(5)(A).   Here, because Defendants' motions were granted in part and denied in part, Rule 37(A)(5)(c) governs the how the Court may award sanctions in this case.   Rule 37(A)(5)(c) permits the Court to apportion reasonable expenses for the motion when the motion is granted in part and denied in part.   Fed. R. Civ. P. 37(a)(5)(A); *See also Emergency Servs. 24, Inc. v. Federated Mutual Ins. Co.*, 2011 WL 5360080 * 16 (S.D. Fla. 2011) (holding that each party should bear their own fees and costs when the motion was granted in part and denied in part and the opposing party's objections were substantially justified).

Defendants argue that sanctions are warranted because it was not until after they filed their motions to compel that ELI and AAH revised their discovery responses and produced an additional 2,000 pages of documents.   Doc. 130 at 4. Defendants assert that Plaintiffs' supplemental responses constitute a de facto admission that the original responses were inadequate.   *Id.*   Therefore, Defendants contend that they prevailed on over 90% of the requests made in their motions.   *Id.* at 5.

Plaintiffs respond that Defendants did not prevail on over 90% of the motions because the Plaintiffs supplemented their responses, and the parties were able to resolve the majority of the issues without Court intervention.   Doc. 159 at 3. Plaintiffs state that the parties conferred to prior to Defendants filing the motions to compel but that Defendants did not provide them with a sufficient opportunity to supplement their discovery responses.   Doc. 159 at 5.

On January 12, 2015, Plaintiffs sent an email to Defendants providing some supplemental document production and informing Defendants that they were still gathering documents responsive to Defendants' requests.   Doc. 159-1 at 1. Plaintiffs further stated that they would continue to supplement their discovery.   *Id.* Three days later, on January 15, 2015, Defendants filed two motions to compel against ELI.   Docs. 80, 81.   Eight days later, on January 20, 2015, Defendants filed two motions to compel against AAH.   Docs. 82, 83.   Thus, Plaintiffs state that they were not given enough time to supplement their responses prior to Defendants seeking to compel the information.   Doc. 159 at 2-3.

"The court 'has wide latitude in imposing sanctions for failure to comply with discovery.'"   *Miljkovic v. Wallenius Wilhelmsen Logistics Americas, LLC*, 2013 WL 1787810 *3 (M.D. Fla. 2013) (quoting *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994)). Additionally, sanctions are not warranted when the moving party files the motion before attempting in good faith to obtain the disclosure or discovery without court action.   Fed. R. Civ. P. 37(a)(5)(A)(i).   Finally, the Middle District Discovery Handbook advises all parties that appear in this Court, that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."   Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I(A)(1).

Here, the Court finds that sanctions are not warranted in this instance because Defendants filed their motions without allowing Plaintiffs adequate time to supplement their disclosures.   Of the 93 discovery requests challenged by Defendants, 83 were resolved without Court intervention once the parties began to cooperate and work together to address the issues.   Doc. 102.   While the Court notes that these issues were resolved after the motions to compel were filed, the Court finds that Defendants filed the motions prematurely.   Plaintiffs notified Defendants by email on January 12, 2015 that they were in the process of gathering the necessary documents; and, in fact, Plaintiffs provided some of the supplemental documents at the time of the email.   Doc. 159-1.   Rather than immediately filing the motions to compel, Defendants could have continued to work with Plaintiffs in an effort to resolve this matter prior to filing the motions to compel.

Moreover, of the 93 challenged discovery requests, only 4 were granted in part. Doc. 102.   The remaining requests were either denied as moot, denied as written, or simply denied.   *Id.*   Accordingly, the Court finds that sanctions are not warranted, and each party should bear its own fees and costs.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Motion for Sanctions (Doc. 130) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] The Court notes that Plaintiffs improperly filed a motions for sanctions in a footnote of their response.   Doc. 159 at 5 n. 1.   A proper motion requires a separate document including the precise relief requested and a memorandum of legal authority in support of the request.   Local Rule. 3.01(a).   On August 3, 2015, Plaintiffs properly filed a Motion for Sanctions related to the same motions to compel and Court Order at issue in Defendants' present motion for sanctions.   Doc. 160.   Plaintiffs' motion is not yet ripe for review. Accordingly, Plaintiffs' motion will be addressed on the merits at a later date.