UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and AMERICAN
ACADEMY HOLDINGS,

    Plaintiffs,

v.                                          Case No: 2:13-cv-695-FtM-38CM

MUST HAVE INFO INC., SAMANTHA
SALDUKAS and LACY GASKINS,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiffs, Eli Research, LLC and American Academy Holdings' Motion to Strike Expert Report and Exclude Testimony of Patti Wyscoki (Doc. #127) filed on July 2, 2015. The Defendants, Samantha Saldukas and Lacy Gaskins filed their Response in Opposition (Doc. #146) on July 20, 2015. The Motion is fully briefed and ripe for the Court's review.

The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

>product of reliable principles and methods, and (3) the witness
>has applied the principles and methods reliably to the case.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." Royal Marco Point 1 Condominium Ass'n. v. QBE Ins. Corp., 2011 WL 47056 *3 (M.D. Fla. 2011) (citing U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir.2004) (*en banc*)).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. V. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir.2004). *See also* U.S. v. Hansen, 262 F.3d 1217, 1234 (11th Cir.2001). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1261 (11th Cir.2004). *See also* McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir.2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook ex rel. Tessler v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir.2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address.

Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir.1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir.2005).

The second requirement, discrete and independent from the witness' qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of nonscientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person.... Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n. 8.

In this instance, the Plaintiffs move the Court to strike the expert testimony and opinion of the Defendants' expert Patti Wyscoki. Wyscoki is the Executive Director of the Specialized Information Publishers Association (SIPA). She was with SIPA for twenty-three (23) years before resigning in 2006. Since 2006 Wyscoki has worked as a consultant for SIPA members. In addition, she is the Vice President of Training and Education for WPL Publishing Company and Chief Operating Officer for Financial Operations Networks. She is also the trustee of the trust that owns FDAnews, a healthcare publisher, and she serves on the FDANews board of directors. All tolled, she has more than thirty (30) years of experience in the specialized publishing industry.

The Defendant's offer Wysocki as an expert on the following issues: (1) what is considered confidential information and/or a trade secret in the newsletter/specialized publishing industry; (2) whether Eli's Editorial Manual and Executive Editor Manual are trade secrets; (3) the potential reasons a newsletter publisher may have seen declines in its print subscriber counts in the past several years; and (4) her opinion of the expert reports submitted by the Plaintiff from Mary Compton and James D. Wood, PhD. ([Doc. #127-1 at 1](Doc. #127-1 at 1)). The Plaintiffs object to Wysocki giving her opinion as they argue she is not qualified as an expert in any of the areas listed by the Defendants.

*Trade Secret, Editorial Manuals and Confidential Information*

The Defendants argue Wysocki is qualified to opine on whether or not they violated the Plaintiffs' trade secrets in publishing their newsletters because of her thirty (30) years of experience in the specialized newsletter business. The Plaintiffs argue that trade secret and confidential information definitions are legal determinations outside of the scope of her expertise.


The Plaintiffs' objection is well taken. The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. [Hansen, 262 F.3d at 1234](). Wysocki herself admitted in her deposition that she is not an expert on trade secrets.  Wysocki stated that she did not have a legal understanding of what a trade secret is but stated in her deposition "[w]ell, I guess in my non-legal opinion a trade secret is something that is secretive and is not divulged to the general public. . . ."  Wysocki said her research into trade secrets involved looking up the term "trade secret" in Google.  Wysocki admitted that her testimony is basically her guess as to what a trade secret is or is not.

Expert testimony must be reliable and beyond the understanding of the jurors or average person. [Frazier, 387 F.3d at 1261](). Wysocki's opinion does not pass the common sense inquiry of whether or not the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute. [Rosenfeld v. Oceania Crusies, Inc.](), 682 F. 3d 1320, 1331 (11th Cir. 2012).  Any juror or layman could look up the term "trade secret" on Google and provide a basic definition which is all Wysocki admittedly did in this case.  Therefore, she will not be allowed to testify as an expert regarding trade secret in regards to Eli Research's Executive Editorial Manuel and Editorial Manuel.

### *Decline in Print Sales*

The Defendants argue that based on Wysocki's years of experience in the newsletter industry she is qualified as an expert to determine why Eli's printed newsletters are declining in subscribers.  The Plaintiffs argue that her opinion regarding the decline

in the print industry is nothing more than opinions as to damages which she again admits she is not qualified to give.

Wysocki opined that the Plaintiffs' expert report filed by Dr. James Woods concerning declining subscriptions, did not include sufficient information for Dr. Woods to formulate the conclusion he reached. To establish her opinion, Wysocki states she reviewed the amended complaint, answers to the amended complaint, discovery materials provided to her by the Defendants, and a chapter from her book <u>The Ultimate Guide to Newsletter & Specialized Information Publishing</u>. Wysocki did not perform any surveys, tests, or research into why Eli Research's newsletters lost subscriptions or whether or not printed newsletters in general were experiencing declining subscriptions. Instead, she bases her opinion off her years of experience running SIPA to conclude that Dr. Woods did not have enough information to make a definitive opinion as to why Eli's subscriber counts are down. (Doc. #127-1, at 8).

While experience alone may offer a reliable expert opinion, experience alone does not always qualify an individual as an expert. In United States v. Frazier, the Eleventh Circuit addressed the admissibility of expert testimony based on experience and held:

> The Committee Note to the 2000 Amendments of Rule 702 also explains that "[n]othing in this amendment is intended to suggest that experience alone ... may not provide a sufficient foundation for expert testimony." Fed. R. Evid. 702 advisory committee's note (2000 amends.). Of course, the unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express. As we observed in *Quiet Technology,* "while an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability ... [O]ur case law plainly establishes that one may be considered an expert but still offer unreliable testimony." 326 F.3d at 1341-42.... Indeed, the

> Committee Note to the 2000 Amendments of Rule 702 expressly says that, **"[i]f the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.** The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.' " Fed.R.Evid.702 advisory committee's not (2000 amends.).

Unleashed Magazine, Inc. v. Orange County, Fla., WL 4304883, *9 -10 (M.D. Fla. September 16, 2008)(quoting Frazier, 387 F.3d at 1262-63)(emphasis in original). Thus, before admitting the opinion of an expert, the trial court is required to ensure that the expert's opinion, even if based on considerable experience and expertise, is supported by more than the expert's word and that there are "good grounds based on what is known." See Daubert, 509 U.S. at 590. Moreover, "[t]he Daubert requirement that the expert testify to scientific knowledge-conclusions supported by good grounds for every step in the analysis-means that any step that renders the analysis unreliable under the Daubert factors renders the expert's testimony inadmissible." McClain v. Metabolife, 401 F.3d 1233, 1245 (11th Cir.2005); *see also* Hudgens v. Bell Helicopters/Textron, 328 F.3d 1329, 1344 (11th Cir.2003) ("[A]n expert's failure to explain the basis for an important inference mandates exclusion of his or her opinion.").

Wysocki's opinion regarding Eli's declining subscriptions is nothing more than unsupported conclusions based upon her experience as director of SIPA—experience that even she admits is more directed to customer service and association support. Her opinion lacks any supporting tests or facts and provides nothing but her own conclusions. She does not claim to be an economist nor an expert in economic damages, nor an expert in marketing trends. The Court cannot simply take Wysocki's word for it that her experience running an association for newsletter publishers without any reliable

supporting data or methods other than her experience renders her opinion on declining subscriptions reliable. As such, Wysocki's expert opinion regarding Eli's declining sales is unreliable and due to be stricken.

### *The Reports Submitted by the Plaintiff from Mary Compton and James D. Wood, PhD*.

Mary Compton's report applies to the formatting layout characteristics of Eli's newsletters and the various corresponding newsletters put out by the Defendants. Dr. Woods' expert report relates to the causes for declining subscriptions in Eli's newsletters.

In regards to Compton's report, Wysocki has a chapter in her book <u>The Ultimate Guide to Newsletter & Specialized Information Publishing</u>, relating to newsletter designs. However, Wysocki notes in her "Dedication" of the book that she relied on Paul Swift, editor of <u>The Newsletter on Newsletters</u> for the chapter on Newsletter Design. Based upon her experience running SIPA and the work experience she has, the Court finds that she lacks the qualifications to opine as an expert on newsletter design.

As noted above, Wysocki does not possess nor does she have the experience that would allow her to refute Dr. Woods' expert report concerning declining subscriptions. Thus, Wysocki will not be allowed to testify as an expert regarding Dr. Woods' testimony or expert report.

## **CONCLUSION**

Wysocki fails to meet the necessary requirements to qualify as an expert to testify on the issues before this Court. Her report in general fails to meet the necessary reliability standards needed to assist the trier of fact in making a determination in this matter. As such, the Court finds that her expert report is due to be stricken.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Eli Research, LLC and American Academy Holdings' Motion to Strike Expert Report and Exclude Testimony of Patti Wyscoki (Doc. #127) is **GRANTED.** Patti Wyscki's Expert Report and Testimony will not be admitted pursuant to Fed. R. Civ. P. 702.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record