UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and AMERICAN
ACADEMY HOLDINGS,

       Plaintiffs,

v.                                Case No:  2:13-cv-695-FtM-38CM

MUST HAVE INFO INC., SAMANTHA
SALDUKAS and LACY GASKINS,

       Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on the Plaintiffs, Eli Research, LLC and American Academy Holdings, LLC's (collectively Eli) Motion for Summary Judgment (Doc. #129) filed on July 6, 2015.  The Defendants, Samantha Saldukas and Lacy Gaskins, filed their Response in Opposition (Doc. #147) on July 20, 2015.  The Motion is fully briefed and ripe for the Court's review.

## FACTS

    Plaintiffs are a research and information company engaged in the business of publishing coding newsletters for use by hospitals, physicians, and health care providers, and its affiliate. (Doc. #37 at 2, 6). Defendants are former employees of Eli who now operate their own research and information company engaged in publishing medical

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

coding newsletters. (Doc. #37 at 6-8). In 2002, Eli hired Saldukas to serve as President of one of its subsidiaries, The Coding Institute, which published coding newsletters, among others, titled Cardiology Coding Alert and Family Practice Coding Alert. (Doc. #37, ¶57). Three years later, in 2005, Eli hired Gaskins to serve as the Events Manager for The Coding Institute. (Doc. #37, ¶49).

Because Defendants' employment with Eli required them to become intimately familiar with Eli's methodologies, materials, databases, and information crucial to its business, both Defendants were required to sign employment agreements. (Doc. #37, ¶¶48, 49). Saldukas' employment agreement entailed confidentiality and non-compete agreements. (Doc. #37, ¶55). Gaskins' employment agreement contained non-compete, confidentiality, and non-solicitation agreements. (Doc. #37,¶55). According to Eli, these employment agreements bound Defendants not to possess, not to disseminate, and not to use the methodologies, materials, databases or information crucial to Plaintiffs' business. (Doc. #37,¶¶48-54).

After ending her employment relationship with Eli, Saldukas founded her own research and information company, Coding Leader, which publishes its own medical coding newsletters. (Doc. #37,¶60). Gaskins also terminated her employment relationship with Eli and joined Saldukas at Coding Leader, serving as its Vice President. (Doc. #37, ¶59). Among the various publications that Coding Leader produces, Eli takes issue with two: Cardiology Coding Advisor and Family Practice Coding Advisor. (Doc. #37, ¶60).

On September 27, 2013, the Plaintiffs filed their initial Complaint. After extensive motions practice, the Court granted the Plaintiffs' leave to amend on February 27, 2014. Eli filed its Second Amended Complaint on February 28, 2014. On March 21, 2014, the

Defendants moved to dismiss the Second Amended Complaint. The Court granted in part and denied in part the Motion to Dismiss.   After further pretrial motion practice, only two (2) counts survived: Count VII for Breach of Contract, and Count VIII for Trademark Infringement.

In response to the Second Amended Complaint, the Defendants filed thirty (30) affirmative defenses.  Plaintiffs now seek summary judgment on the Defendants' thirty (30) affirmative defenses.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986).  Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.   The moving party bears the burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999); See U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437–38 (11th Cir.1991)(en banc) (holding that "[t]o prevail, the moving party must do one of two things: (1) show that the non-moving party has no evidence to support its case, or (2) present

"affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.").

Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-323. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

Partial summary judgment may properly be granted on affirmative defenses. Tingley Systems, Inc. v. HealthLink, Inc., 509 F.Supp.2d 1209, 1218 (M.D. Fla. 2007) (citing Int'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co., 944 F.Supp. 886, 891 (M.D.Fla.1996)). Plaintiffs must, however, meet their burden of showing that Defendant cannot maintain these defenses by a preponderance of the evidence. Tingley, 509 F.Supp.2d at 1218.

## DISCUSSION

Plaintiffs argue: (1) Defendants Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Twenty-First, Twenty-Second, Twenty-Fifth,

Twenty-Sixth, and Twenty-Ninth Defenses fail because the Defendants have not presented any evidence to support the defenses; (2) Defendants' First, Second, Third, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses fail because they are merely denials of the Plaintiffs' allegations; (3) Defendants' Tenth and Twenty-Third Affirmative Defenses fail because they only state Plaintiffs failed to establish each element of their claims; (4) Defendants' Sixth and Fifteenth Affirmative Defenses Fail because they are nothing more than requests for attorney's fees; (5) Defendants' Twenty-Eighth Affirmative Defense fails because it is not an affirmative defense; (6) Defendants' Twenty-Seventh and Thirtieth Affirmative Defenses fail because they only state the one satisfaction rule and reserve rights; and (7) finally, the Twenty-Fourth Affirmative Defense applies to claims for unfair competition and deceptive trade practices, and is therefore moot.

Defendants contend that "no evidence" motions for summary judgment are not legally tenable under Eleventh Circuit law but are instead a creation of the Texas Rules of Civil Procedure and agree that the Tenth, Twenty-Third, and Thirtieth Affirmative Defenses are not real affirmative defenses.  Otherwise, Defendants argue the affirmative defenses are valid.

(1)     *Whether No Evidence Summary Judgment is Proper for Affirmative Defenses*

Plaintiffs argue that Defendants' Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Twenty-First, Twenty-Second, Twenty-Fifth, Twenty-Sixth, and Twenty-Ninth Affirmative Defenses fail because Defendants have not presented any evidence to support those affirmative defenses.  Defendants contend that Plaintiffs' argument is a Texas State Court procedure that does not apply to District Courts in the Eleventh Circuit.

The Eleventh Circuit has held that a moving party must point to specific portions of the record to demonstrate that the nonmoving party cannot meet its burden at trial. U.S. v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1438 n. 19 (11th Cir. 1991).  Specifically, the Eleventh Circuit found:

> Justice Rehnquist's opinion in Celotex does not explain exactly how the moving party may show the court that the nonmoving party will be unable to prove its case. *See* Nelkin, One Step Forward, Two Steps Back: Summary Judgment after Celotex, 40 Hastings L.J. 53, 54, 63, 65–66 (1988). In this circuit, "[e]ven after Celotex, it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir.1991); see also Celotex, 477 U.S. at 328, 106 S. Ct. at 2555 (White, J., concurring) ("it is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case"); see also id. at 332, 106 S. Ct. at 2557 (Brennan, J., dissenting). Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial. Id. at 325, 106 S. Ct. at 2553 ("a party seeking summary judgment always bears the initial responsibility ... of identifying those portions of the materials on file which demonstrate the absence of a genuine issue of material fact" (emphasis added)).

Four Parcels, 941 F.2d at 1438 n. 19; See Seastrunk v Darwell Intergrated Technology, Inc., 2009 WL 2705511 *9 (N.D. Tex. August 27, 2009) (holding "[a] no evidence motion for summary judgment, however, is a pleading that may be filed in state court, but not in federal court.").

In this instance, Plaintiffs merely state the above listed affirmative defenses have no evidence to support them.   Based upon the Eleventh Circuit's ruling in Four Parcels, merely stating there is no evidence to support the affirmative defenses is not enough to prevail on summary judgment.  Therefore, the Motion for Summary Judgment concerning

Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Twenty-First, Twenty-Second, Twenty-Fifth, Twenty-Sixth, and Twenty-Ninth Affirmative Defenses is denied.

### (2) *Affirmative Defenses as Denials*

Plaintiffs contend that the First, Second, Third, Seventeenth, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses fail because they are merely denials of the Plaintiffs' allegations.  Defendants argue that should the Court find them to be denials rather than actual affirmative defenses, the Court should treat them as denials rather than issue a summary judgment order denying them.  Defendants' affirmative defenses read as follows:

- First Affirmative Defense: The information that Eli alleges is confidential is readily ascertainable and generally known to persons in the industry.

- Second Affirmative Defense: The information alleged by Eli to be a trade secret is not a trade secret.

- Third Affirmative Defense: Eli did not maintain the alleged confidential trade secret information in a confidential manner.

- Seventeenth Affirmative Defense: The Plaintiffs have an adequate remedy of law and therefore all claims for injunctive relief must fail.

- Eighteenth Affirmative Defense: The claims in the Second Amended Complaint do not state facts sufficient to support an award of exemplary or punitive damages.

- Nineteenth Affirmative Defense: AAH's claim in the Second Amended Complaint does not state facts sufficient to support an award of attorney's fees.

- Twentieth Affirmative Defense: The Defendants have not infringed any applicable trademarks (willfully or otherwise) under any Federal or State Law.

(Doc. #74, pp. 7, 9).

Plaintiffs argue that none of the above-enumerated affirmative defenses do anything more than deny an allegation in Plaintiffs' Complaint and therefore, summary judgment as to these affirmative defenses is proper. Indeed, the above listed affirmative defenses are not true affirmative defenses, but instead are denials of Plaintiffs' claims. Defendants urge the Court to convert the defenses to denials rather than grant summary judgment in the Plaintiffs favor.

In general, this Court treats denials filed as affirmative defenses as plain denials of the claim. However, that scenario most often occurs when the movant moves to strike the denial filed as an affirmative defense rather than moving for summary judgment. Under similar circumstances, in Tingley Systems, Inc. v. HealthLink, Inc., the Court granted summary judgment in favor of the moving party where denials were asserted as affirmative defenses. 509 F. Supp. 2d 1209 1220 (M.D. Fla. 2007). The Tingley Court held to the extent that the denials were asserted as affirmative defenses, motion for summary judgment is granted. Id. As AAH demonstrates in its Motion, the above listed affirmative defenses are denials and not affirmative defenses. Therefore, the Court will follow Tingley and grant summary judgment in regards to the First, Second, Third, Seventeenth, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses, to the extent they are denials that have been asserted as affirmative defenses.

### (3) Whether the Tenth and Twenty-Third Affirmative Defenses Fail

Plaintiffs argue the Tenth and Twenty-Third Affirmative Defenses fail because they only state Plaintiffs have failed to demonstrate each of the elements of their prima facie case. Defendants concede the affirmative defenses may not be actual affirmative defenses and argue the Court should treat them as denials.

The Tenth Affirmative Defense states: "Coding Leader's use of the mark engenders no likelihood of confusion because the goods or services of the parties are noncompetitive and unrelated. (Doc. #74, p.8).  The Twenty-Third Affirmative Defense reads: "The trademarks identified in Paragraph 45 of Plaintiffs' Second Amended Complaint are not "famous" as defined in 15 U.S.C. § 1125." (Doc. #74, p.10).  The Tenth and Twenty-Third Affirmative Defenses are denials and not affirmative defenses. Therefore, the Court will follow Tingley and grant summary judgment in regard to the Tenth and Twenty-Third Affirmative Defenses. 509 F. Supp. 2d at 1220.

### (4)Whether the Sixth  and Fifteenth Affirmative Defenses Fail

Plaintiffs argue the Sixth and Fifteenth Affirmative Defenses fail because they are not affirmative defenses but rather requests for attorney's fees.  The Sixth Affirmative Defense states: "[i]f Saldukas and Gaskins are prevailing parties on County [sic] VII for breach of contract, as a matter of law, they are entitled to attorney's fees under the Employment, Confidentiality and Non-Compete Agreement." (Doc. #74, p.8).  The Fifteenth Affirmative Defense reads: "Coding Leader is entitled to it [sic] attorney's fees on Count VII as AAH has filed this suit in bad faith." (Doc. #74, p.9).

Defendants concede that the Sixth and Fifteenth Affirmative Defenses may be dismissed.  Consequently, summary judgment is granted as to the Sixth and Fifteenth Affirmative Defenses.

### (5) Whether the Twenty-Fourth Affirmative Defense is Moot.

Plaintiffs maintain the Twenty-Fourth Affirmative Defense applies to claims for unfair competition and deceptive trade practices which have been dismissed. Therefore, Plaintiffs argue summary judgment should be granted as to the Twenty-Fourth Affirmative

Defense.  Defendants also acknowledge their Twenty-Fourth Affirmative Defense does not relate to any live claims and may be dismissed at this time.

### (6) Whether the Twenty-Eighth Affirmative Defense Fails

Plaintiffs argue the Twenty-Eighth Affirmative Defense is not an affirmative defense.  Defendants respond the Twenty-Eighth Affirmative Defense is an avoidance as found in Fed. R. Civ. P. 8(c).  The Twenty-Eighth Affirmative Defense reads "[i]n the context of Plaintiffs' request for injunctive relief, even if Plaintiffs could demonstrate a likelihood of success on the merits (they cannot), doing so would not entitle them to a presumption of irreparable harm." (Doc. #74, p.11).

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud ... and any other matter constituting an avoidance or affirmative defense." Muschong v. Millennium Physician Group, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014).  "An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance. Meth Lab Cleanup, LLC v. Spaulding Decon, LLC, 2015 WL 4496193, *7 (M.D. Fla. July 23, 2015) (citing Losada v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 690 (S.D. Fla.2013) (internal marks omitted)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Id. See also In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988).

The Twenty-Eighth Affirmative Defense is a denial of Plaintiffs' claim for injunctive relief by stating they are not entitled to permanent injunctive relief.  "Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses." Meth

Lab Cleanup, LLC, 2015 WL 4496193, at *7 (citing Losada, 296 F.R.D. at 690). Therefore, the Court will follow Tingley and grant summary judgment in regards to the Twenty-Eighth Affirmative Defense.

(7)   *Whether the Twenty-Seventh and Thirtieth Affirmative Defenses Fail*

Plaintiff argues the Twenty-Seventh Affirmative Defense is not an affirmative defense.   The Twenty-Seventh Affirmative Defense reads: "[a]ny remedies sought by Plaintiffs are limited to the extent that there is an overlapping or duplicative recovery pursuant to the various claims alleged against Defendants." (Doc. #74, p.11).   Plaintiffs argue that Affirmative Defense Twenty-Seven is nothing more than the "one satisfaction rule."   Courts in this District have found that the one satisfaction rule can be an appropriate affirmative defense. Malibu Media, LLC v. Zumbo, 2014 WL 2742830, *2 (M.D. Fla. June 14, 2014).   Thus, the Motion for Summary Judgment as to the Twenty-Seventh Affirmative Defense is denied.

Plaintiffs argue that Defendants' Thirtieth Affirmative Defense is a reservation of rights which alleges: "[d]efendants reserve the right to raise any other affirmative defenses, at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case." (Doc. #74, p.11).   Defendants concede the Thirtieth Affirmative Defense is not an affirmative defense and withdraw it as improper.   Thus, the Motion for Summary Judgment concerning the Thirtieth Affirmative Defense is granted.

Accordingly, it is now

**ORDERED:**

Plaintiffs, Eli Research, LLC and American Academy Holdings, LLC's Motion for Summary Judgment ([Doc. #129](#)) is **GRANTED in part and DENIED in part**.

1. Plaintiffs Eli Research, LLC and American Academy Holdings, LLC's Motion for Summary Judgment as to the Fourth, Fifth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Twenty-First, Twenty-Second, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, and Twenty-Ninth Affirmative Defenses is **DENIED**.

2. Plaintiffs Eli Research, LLC and American Academy Holdings, LLC's Motion for Summary Judgment as to the First, Second, Third, Sixth, Tenth, Fifteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Third, Twenty-Fourth, Twenty-Eighth, and Thirtieth Affirmative Defenses is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record