UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELI RESEARCH, LLC and AMERICAN
ACADEMY HOLDINGS,

        Plaintiffs,

v.                                      Case No:  2:13-cv-695-FtM-38CM

MUST HAVE INFO INC., SAMANTHA
SALDUKAS and LACY GASKINS,

        Defendants.

                                                      /

**ORDER[1]**

        This matter comes before the Court on Plaintiffs, Eli Research, and American Academy Holdings, LLC's (Eli) Motion *In Limine* (Doc. #170) filed on August 14, 2015. The Defendants, Must Have Info (Coding Leader) Samantha Saldukas and Lacy Gaskins' filed their Response in Opposition (Doc. #181) on August 31, 2015.  The Motion is fully briefed and ripe for the Court's review.

        A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007)(citing Schuler v. Mid-Central Cardiology,313 Ill.App.3d 326, 246 Ill.Dec. 163, 729 N.E.2d 536 (4th Dist.2000)). The real

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1.  A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443(1984) (holding federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. Stewart, 2007 WL 1752873 at *1.

Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion *in limine* does not insure evidence contemplated by the motion will be admitted at trial. Id.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citing U.S. v. Connelly, 874 F.2d 412, 416 (7th Cir.1989)). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling". Id. (citing Hawthorne Partners,831 F.Supp. at 1400-1401).

Eli moves the Court to exclude the following evidence: (1) any testimony regarding the wealth or poverty of the respective Parties; (2) any contrasting of the wealth of the respective Parties; (3) no mention of offers to settle, compromise or failure to do so; (4) any documents not produced during discovery or identified in joint pretrial statements; (5) any reference to objections made during pretrial discovery; (6) any mention that Eli moved the Court to exclude evidence; (7) any documents or testimony regarding American Culinary Federation's (ACF) CPC certification mark; (8) any documents or testimony found on the United States Patent and Trademark Office's website; (9) any reference to the Declaration of Ronald R. Butters, Ph.D in the case of Eli Research Inc. v. United Communications Group, et. al., Case No. 1:02-cv-00787-WLO in the United States District Court for the Middle District of North Carolina, Durham Division; (10) any documents or testimony regarding the confidentiality of the Norins' Recipe; (11) any testimony regarding the Defendants' redacted customer list; (12) any evidence relating to the key elements of newsletters; (13) testimony from David Schwartz, and (14) testimony from Chris Owens relating to confidentiality of newsletters and the newsletter industry.

### (1) & (2) *Wealth and Poverty of the Parties*

Eli moves the Court to exclude any reference to the wealth or poverty of the Parties. The general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." Amegy Bank Nat. Ass'n v. DB Private Wealth Mortgage, Ltd., 2014 WL 791505, *3 (M.D. Fla. Feb. 24, 2014) (citing Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, 2011 WL 2295269, *12 (S.D.Fla. June 8, 2011) (citing Brough v. Imperial Sterling Ltd.,

297 F.3d 1172, 1178 (11th Cir.2002)). The motion is granted as to both motions *in limine* 1 and 2.

### (3) *No Mention of Settlement Offers, Compromise, or Failure to Offer*

Eli moves the Court to exclude any facts related to settlement offers, offers of compromise or failure to offer a settlement.  Defendants argue that settlement offers may be admitted for other purposes other than to disprove validity of an amount in controversy. However, Defendants do not offer what other circumstance settlement offers can be used for at trial.

As a general, rule evidence of settlement discussions is not admissible to prove liability for, invalidity of, or amount of a disputed claim, or to impeach through a prior inconsistent statement. Fed. R. Evid. 408(a); Amegy, 2014 WL 791505, at *3 (citing Pandora Jewelers 1995, 2011 WL 2295269 at *12. Thus, the motion is granted.

### (4) *Documents not Produced*

Eli moves the Court to exclude any documents or evidence that has not been previously produced during discovery or in the Joint Pretrial Statement.  Generally, evidence not produced during discovery will be excluded from trial. Fed. R. Civ. P. 26(a). Thus, the Motion is granted in regards to documents or evidence that have not been produced prior to the start of the trial.

### (5) *Objections Made During Pretrial Discovery*

Eli argues that any objections that have been made to a particular piece of evidence should not be brought up at trial.  Neither Party may use the fact that a privilege was claimed or an objection was made to a particular piece of evidence that is being

introduced at trial as such a statement could unduly prejudice the jury. Amegy, 2014 WL 791505, at *3.  The motion to exclude any discovery objections is granted.

### (6) Motions to Exclude Evidence

Eli argues that no mention may be made to the jury regarding motions made or efforts used to exclude pieces of evidence from the trial.  As a general rule counsel for either Party may not present the Court's evidentiary rulings before the jury. Id. Mention of motions made or efforts to exclude evidence shall not be brought up before the jury, thus the Motion is granted.

### (7) References to American Culinary Federation's (ACF) CPC Certification Mark

Eli moves to exclude any mention of ACF's ownership or use of the CPC Mark at trial.  Both Parties agree that the ownership of the CPC certification mark is no longer relevant.  Therefore, the Motion is granted.

### (8) Documents or Testimony Found on the USPTO Website

Eli argues that any third party registrations found on the USPTO's website should be excluded as inadmissible hearsay.  Defendants argue that any third party registrations including the registration held by the ACF are admissible and relevant.  The Defendants note that the USPTO is required by statute to keep certificates of registration for trademarks that are registered on the Principal Register. 15 U.S.C. § 1057(a) ("Certificates of registration of marks registered upon the principal register shall be issued in the name of the United States of America, under the seal of the United States Patent and Trademark Office, and shall be signed by the Director or have his signature placed thereon, and a record thereof shall be kept in the United States Patent and Trademark Office.").

Exhibits may be properly admitted into evidence if they are self-authenticating under Federal Rule of Evidence 902. A document bearing a seal of the United States, a state, district, Commonwealth, territory, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution is properly authenticated. Williams v. City of Daytona Beach, 2006 WL 354635, *8 (M.D. Fla. February 15, 2006); Fed.R.Evid. 902(1). Thus, the Court cannot rule out documents filed with the USPTO that have the seal of the United States and are authenticated. See 15 U.S.C. § 1057(f) (copies of any records . . . belonging to the United States Patent and Trademark Office relating to marks, and copies of registrations, when authenticated by the seal of the United States Patent and Trademark Office and certified by the Director, or in his name by an employee of the Office duly designated by the Director, shall be evidence in all cases wherein the originals would be evidence."). As such, the Motion is due to be denied. The Plaintiff may object to any USPTO third party registrations at the time they are presented at trial.

### (9) *Declaration of Ronald R. Butters, Ph.D*

Eli moves to exclude the any evidence offered by Dr. Butters from Eli Research, Inc. v. United Communications Group, et al., 1:02-cv-787 (M.D. N.C. 2002). Dr. Butters testimony pertains to the confidentiality of Eli's material allegedly used by Saldukas and Gaskins in violation of their employment contracts. Those issues were resolved at summary judgment thererfore, the Motion is denied as moot.

### (10) *Confidentiality of the Norins' Recipe*

The issues involving the Norins' Recipe were resolved and therefore, the Motion is moot.

(11) *Defendants' Redacted Customer Lists*

The issues involving the Defendants' redacted customer lists were resolved at summary judgment.  The Motion is denied as moot.

(12) *Evidence of the Key Elements of a Newsletter*

The issues involving the confidentiality of Eli's newsletter design were resolved at summary judgment.  Therefore, the Motion is denied as moot.

(13) *Testimony from David Schwartz*

Eli moves to exclude the testimony and evidence from David Schwartz ("Schwartz") arguing it should not be allowed because it is irrelevant and constitutes nothing more than impermissible expert testimony. Defendants have proffered Schwartz for testimony relating to the confidentiality of the Dr. Norins' recipe, the confidentiality of the formatting, layout, style or content of newsletters and business-to-business niche newsletters in general.  The issues involving the testimony of David Schwartz and the confidentiality of Eli's newsletter design were resolved at summary judgment.  Therefore, the Motion is denied as moot.

(14) *Testimony of Chris Owens*

Chris Owens' testimony relates to the confidentiality of the formatting, layout, style or content of newsletters as well as the newsletter industry.  Those issues were resolved at summary judgment.  Therefore the Motion is denied as moot.

Accordingly, it is now

**ORDERED:**

Plaintiffs, Eli Research, and American Academy Holdings, LLC's Motion *In Limine* (Doc. #170) is **GRANTED in part and DENIED in part**.

1. Plaintiffs, Eli Research, and American Academy Holdings, LLC's Motions In *Limine* 1, 2, 3, 4, 5, 6, and 7 are **GRANTED**.

2. Plaintiffs, Eli Research, and American Academy Holdings, LLC's Motions *In Limine* 8 is **DENIED**.

3. Plaintiffs, Eli Research, and American Academy Holdings, LLC's *Motion In Limine* 9, 10, 11, 12, 13, and 14 are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8